**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3997-18T1

THOMAS J. KELLY,

     Plaintiff-Respondent,

v.

ELIZABETH A. BRANNIN,

     Defendant-Appellant.

_____

Argued telephonically June 17, 2020 –
Decided July 15, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey,
Chancery Division, Family Part, Morris County,
Docket No. FM-14-0495-05.

Amy Frances Gjelsvik argued the cause for appellant
(Paris P. Eliades Law Firm, LLC, attorneys; Amy
Frances Gjelsvik, on the briefs).

James Clark Jensen argued the cause for respondent
(Laufer, Dalena, Jensen, Bradley & Doran, LLC,
attorneys; James Clark Jensen, of counsel and on the
brief; Kory A. Crichton, on the brief).

PER CURIAM

Defendant Elizabeth A. Brannin appeals from a March 8, 2019 order entered after an evidentiary hearing. Judge Noah Franzblau found she had been cohabitating since November 25, 2015 and eliminated her alimony as of that date, pursuant to the parties' marital settlement agreement (MSA). We affirm substantially for the reasons articulated in Judge Franzblau's March 8, 2019 oral opinion, deferring to his credibility assessments as we must. Cesare v. Cesare, 154 N.J. 394, 412 (1998).

The parties, who have no children, were married in 1989. In their MSA, which was incorporated into their 2005 judgment of divorce, the parties agreed that plaintiff would pay defendant permanent alimony of $1700 per month. The alimony provision also stated that alimony would cease if defendant cohabitated or remarried.

In July 2017, plaintiff Thomas J. Kelly filed a motion to terminate alimony contending that defendant was cohabitating with Jeffrey Kastner, whom she acknowledged living with since November 2015. The parties and Kastner testified at the hearing. Judge Franzblau found plaintiff to be credible and defendant and Kastner to be incredible. The judge found that defendant and Kastner rented a one-bedroom apartment in Cary, North Carolina and lived there

2

for twenty months from November 25, 2015 to June 2017. Thereafter, they moved back to New Jersey and lived together in a home, that Kastner had inherited from his deceased brother, for an additional twenty-one months by the time of the hearing, sharing one bathroom and all living expenses. Although generally reclusive, they attended a wedding together. Both defendant and Kastner testified that they were platonic roommates who lived together as friends out of convenience. Neither one was employed.

Relying on the definition of cohabitation found in <u>Konzelman v. Konzelman</u>, 158 N.J. 185, 202 (1999), which both parties acknowledge is the relevant standard, Judge Franzblau explained his credibility determinations, finding plaintiff's "credibility was bolstered by his calm demeanor, his attempts to answer all questions directly and completely, the consistency between his testimony and supporting documentation, and by his potential admissions against interest." In contrast, the judge found defendant and Kastner's testimony incredible, finding the two, who had been sequestered during trial, contradicted each other, were "combative," "defied logic" and their "testimony [was] unsupported by documentary evidence." The judge gave numerous examples of their testimony that lent support to these findings.

A-3997-18T1

On appeal, defendant makes two arguments, contending that the trial judge erred in holding a plenary hearing because another judge earlier found plaintiff had failed to make a prima facie showing of cohabitation, and that the judge abused his discretion in finding that defendant was cohabitating with Kastner.

In a February 2, 2018 order another judge found insufficient prima facie evidence of cohabitation had been presented "given the rambling context of the exhibit to the [c]ertification of Jeffrey Kastner," but nonetheless ordered discovery, after which that judge ordered a plenary hearing. A prima facie case of cohabitation should be demonstrated prior to discovery proceeding. Donnelly v. Donnelly, 405 N.J. Super. 117, 131-32 (App. Div. 2009). The order also reflected that defendant conceded she lived with Kastner. Although the order was inartfully worded, it makes no practical sense to reverse the detailed, thoughtful conclusions of a trial judge, based on a full plenary hearing due only to mistaken wording of a preliminary order. Such a decision would elevate form over substance, requiring the parties to bear the expense of a new hearing, which would undoubtedly result in the same outcome.

Finally, defendant argues that the judge was presented with insufficient evidence of an "intimate romantic relationship" or intertwined finances. Kastner

and defendant lived together in two states located a significant distance apart for lengthy periods of time. Judge Franzblau had the opportunity to observe their demeanor and assess their credibility when they both denied a romantic relationship or intertwined finances. We accept his assessment for the sound reasons expressed in Judge Franzblau's decision. "Because a trial court 'hears the case, sees and observes the witnesses, [and] hears them testify,' it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Cesare, 154 N.J. at 412 (alteration in original). We defer to family court factfinding because of its "special jurisdiction and expertise in family matters." Id. at 413.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3997-18T1